# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20757

LILY LUPO; MARCUS WILLIAMS; SHANNA HICKS,

Plaintiffs - Appellants

v.

DOORDASH, INCORPORATED,

Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2255

Before SMITH, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Lily Lupo, Marcus Williams, and Shanna Hicks worked as "dashers"—people who would pick up food from restaurants and then deliver it—for DoorDash, Inc., an internet-based food delivery company. They opted into a lawsuit brought by another DoorDash driver seeking minimum wage and overtime wages under the Fair Labor Standards Act. *See Edwards v. Doordash, Inc.*, 888 F.3d 738 (5th Cir. 2018). By the time they joined the suit, DoorDash had already moved to compel arbitration of the lead plaintiff's claims. When the district court granted that motion, it notified these three

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20757

plaintiffs that they should inform the court if they wanted to continue pursuing their claims in court. They submitted notice of their intent to do so, which led DoorDash to promptly seek arbitration of their claims. The district court again ordered arbitration. We are asked to decide whether that ruling was erroneous and whether the court should have first considered whether to issue notice to other potential plaintiffs.

We need not look far for the answers. In *Edwards,* we recently answered the same questions for the lead plaintiff's arbitration agreement that is similar in all relevant respects to the ones these plaintiffs signed.[1] *Edwards* held that (1) conditional class certification can be considered only after the question of arbitrability has been resolved, and (2) the arbitration clause is enforceable under California contract formation law. 888 F.3d at 742–46. Although the district court had reviewed the plaintiff's claim that the agreement was unconscionable, *Edwards* concluded that California law required that unconscionability be decided by the arbitrator because the agreement included a delegation clause. *Id.* at 746. The same result is warranted here.

\* \* \*

The judgment is AFFIRMED.

---

[1] Lupo signed the same "Independent Contractor Agreement" as Edwards. Hicks and Williams signed a 2016 version that is substantially similar. One difference is that the 2016 version did not require arbitration in Palo Alto, California, a provision the district court severed in *Edwards* because it concluded it was unconscionable. These differences do not matter in light of *Edwards*'s holding that unconscionability is for the arbitrator to decide given the delegation clause.